**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES LOWRY and<br>ELIEZER RUIZ | No. 20 CR 115<br><br>Hon. Steven C. Seeger |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the Materials") are subject to this protective order and may be used by defendants and defendants' counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defense counsel is responsible for securely maintaining the Materials. Defendant and defendant's counsel shall not disclose the Materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed by defense counsel as potential witnesses, or counsel for potential witnesses (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the Materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. Before providing materials to an authorized person, defendant's counsel must provide the authorized person with a copy of this Order and require the authorized person to sign

a copy of the "Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto" attached to a copy of this Order acknowledging that the authorized person has received a copy of and reviewed this Order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defendant's counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the conclusion of all stages of this case or the length of time that defendant's counsel retains the Materials, and shall provide copies of the signed statement of each authorized person to the Court upon request.

4. If defendant and defendant's counsel believe that a person – who does not fit within the categories of authorized persons defined in paragraph 2 – should be permitted to review and/or retain copies of the Materials, defendant must apply *ex parte* to the Court for permission prior to disclosing the Materials. If the Court grants permission, the person(s) to whom the Court permits disclosure shall be added to the group of authorized persons described above and be subject to this protective order and the rules applicable to authorized persons as set forth in this protective order.

5. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the Materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original Materials.

6. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

7. Within the category of Materials covered by this protective order are certain materials disclosed or to be disclosed by the government that contain particularly sensitive information, specifically nonparty names, addresses, dates of birth, driver's license numbers, social security numbers, and other identifying information.

8. A party seeking to use sensitive information in a public filing must first seek permission from the Court to submit the sensitive information under seal (except if defendant chooses to include in a public document sensitive information relating solely and directly to defendant). No documents may be filed under seal absent a motion, filed and noticed for hearing prior to the due date of the particular filing, showing good cause for sealing a portion of the record in the case.

9. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. If defense counsel has made copies of the Materials and provided copies to others to the extent permitted by this Order, it is defense counsel's responsibility to collect those copies at the conclusion of the case. The Materials may be (a) destroyed; (b) returned to the United States; or (c) retained in defense counsel's case file. The government or the Court may require a certification as to the disposition of any such Materials. In the event that the Materials are retained by defendant's counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the Materials may not be disseminated or used in connection with any other matter without further order of the Court.

10. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other

trials, nor do the restrictions in this Order limit defendant's counsel in the use of the materials in judicial proceedings in this case (subject to the rules governing the use of the sensitive materials in public filings as set forth in paragraph 8). If sensitive materials are displayed in a public courtroom as part of a judicial proceeding, personal identifiers shall be redacted, or if defense counsel believes redaction is impracticable, counsel shall file a motion, *ex parte*, with the Court seeking guidance as to the proper method for displaying such Materials.

    11. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

Date: May 13, 2020

                 Steven C. Seeger
                 United States District Judge

4

**Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto**

I _____(name):

(a) am employed as a(n) _____ and I am assisting _____(attorney) in the preparation of the defense of _____(defendant);

OR

(b) am participating in an interview with _____ (attorney) regarding the defense of _____(defendant).

In anticipation of reviewing materials produced by the government in this matter, I have reviewed the attached Order. I understand its contents. I agree that I will only access the protected materials for the purposes of preparing the defense case. I will not make any copies of any of the protected materials without further order of the Court. I understand that failure to abide by this Order may result in sanctions by this Court.

DATED: _____

[name]